Barnard, P. J.
The contract under which the work was done by plaintiff for defendant, was an entire contract, being for a year from the 19th of March, 1887. It was performed until the 29th of July, 1887, and the weekly wages were regularly paid. The employment terminated on the 29th July, 1887, and the only issue between the parties, as to the facts, is whether the plaintiff left the employment of his own accord or was discharged by the defendant.
It is true there is a formal denial of the allegations in the complaint that the plaintiff performed the contract on his part, but from the defendant’s affidavit so such reason is given as the basis for a discharge by the defendants, which is denied in the answer.
The expectation of the parties was that the contract was to be executed in Utica, 1ST. Y., but the defendant, shortly *542 after the term commenced, went to Buffalo, and the plaintiff went with him. It is a subject of dispute where the contract was made, in fact. The plaintiff says it was made in New York and the defendant in Utica.
As the terms of the agreement are admitted, whether it was made at Utica or New York is of no consequence. The issue being solely as to the discharge, the defendant makes out but three witnesses, himself, Morris Grant and and A. B. Pscherar. These are to the effect that the defendant did not discharge plaintiff, and the other two witnesses expected to testify to facts going to show that the plaintiff said to them that he intended to leave the defendant ‘‘in the lurch.” The plaintiff needs himself and Oscar Carleton on this issue. Carleton has a letter from Pscherar adverse to the fact he is expected to support by his evidence. Carleton lives in New York and the plaintiff m Brooklyn, and the defendant and his two witnesses live m Buffalo, and the venue is by the order appealed from sent to Erie county.
No sufficient case for the removal is made by the plaintiff if the issue is to be tried according to the defendant’s moving affidavit. If it is to involve performance of the contract, it is no better. The plaintiff, till then, needs as many or more witnesses who live in Kings and New York county than the defendant is shown to need from Erie county. The order, changing the venue, should be reversed writh costs and disbursements.
The motion should also be denied, with ten dollars costs, to abide the event of the action.
Dykman and Pratt, JJ., concur.